HELENE N. WHITE, Circuit Judge,
concurring.
I write separately to clarify what I understand to be the limits of the majority opinion and address several additional points.
First, the government did not argue in the district court that federal law controls whether MKP can properly bring an ancillary petition under § 853(n)(2). Rather, it took the position that under Ohio law, MKP’s petition under § 853(n)(6)(A) failed because MKP and Thomas Parenteau were the same person with respect to forfeiture of the policies, and therefore MKP did not have an interest “vested in [it] rather than the defendant or [that] was superior to” *600 Thomas’s interest at the time of the offense. Thus, the majority’s choice to decide this case under § 853(n)(2) by applying federal law and find it unnecessary to address Ohio law could just as easily, and appropriately, be turned on its head: Both parties relied on Ohio law below, waiving any argument that federal law controls; Ohio law as set forth in In re Fisher, 296 Fed.Appx. 494, 506 (6th Cir.2008), and Danziger v. Luse, 103 Ohio St.3d 337, 815 N.E.2d 658 (2004), supports the district court’s decision; and thus we need not address whether federal law controls, or the meaning of “other than the defendant” under § 853(n)(2). See Stoudemire v. Mich. Dep’t of Corr., 705 F.3d 560, 576 (6th Cir.2013) (“Absent ‘exceptional circumstances,’ we normally decline to rule on an issue not decided below.” (quoting St. Marys Foundry, Inc. v. Emp’r's Ins. of Wausau, 332 F.3d 989, 996 (6th Cir.2003))).[1]
Second, § 853(n)(2) merely authorizes a third party to petition for a hearing to adjudicate the validity of the third party’s alleged interest in the property subject to forfeiture. It is unclear how a district court can make a fact-based “other than the defendant” determination pursuant to § 853(n)(2) prior to the hearing authorized by § 853(n)(2). Rather, the statute is more naturally read as authorising the district court to make a finding, after a hearing, that the petitioner does not have a superior interest to the defendant under § 853(n)(6)(A). Indeed, the district court in this case only made its alter-ego determination after conducting the hearing described in § 853(n)(2), which further calls into question whether § 853(n)(2) is at issue here.
Third, assuming § 853(n)(2) is at issue and federal law controls, I agree that under these circumstances a district court could fairly find that MKP is not an entity “other than the defendant.” However, such a conclusion is fact based and requires more than ownership, control, and misuse of the corporate entity by the defendant. If, for example, a corporation is wholly owned and controlled by a defendant who misuses the assets of the corporation to commit financial crimes, but that corporation also conducts business at arm’s length with third parties, I would not conclude that the defendant and the corporation are the same entity, stripping the company of the ability to assert a superior right in the corporate asset. Rather, the government should have to defend against the corporation’s petition on the merits, or seek to forfeit the defendant’s interest in the corporation and be subject to the legitimate claims of corporate creditors. Here, MKP offered no evidence establishing a separate existence other than the corporate form.
Thus, although I would decide this case based on the reasoning employed by the district court, I agree with the majority that MKP’s ancillary petition was properly denied.

. Further, the initial criminal forfeiture order forfeited Thomas’s interest in the policies; it did not purport to forfeit MKP’s interest. MKP’s petition therefore simply asserted that Thomas had no interest in the policies and MKP held a superior interest. It was the government's motion to amend the forfeiture order to include MKP’s interest in the policies that resulted in the forfeiture of MKP’s interest. Thus, it is questionable whether § 853(n)(2) is at issue at all.